Chen v. Barr

BIA
Nelson, IJ
A205 075 532

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

XUE KONG CHEN,
> *Petitioner,*

v.                                                          17-4083
                                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Nataliya I. Gavlin, Gavlin &
                         Associates, P.C., New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Terri J.
                         Scadron, Assistant Director, Lisa
                         M. Damiano, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Kong Chen, a native and citizen of the People's Republic of China, seeks review of a December 4, 2017, decision of the BIA affirming a March 8, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Kong Chen,* No. A205 075 532 (B.I.A. Dec. 4, 2017), *aff'g* No. A205 075 532 (Immig. Ct. N.Y. City Mar. 8, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse

credibility determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Chen was not credible as to his claim that police officers detained and beat him on account of his practice of Christianity or that he feared future persecution based on his practice of Christianity in the United States.

First, the IJ found that Chen's demeanor detracted from his credibility because he appeared nervous and paused in answering questions. An IJ may base a credibility determination on the "demeanor, candor, or responsiveness" of the applicant. 8 U.S.C. § 1158(b)(1)(B)(iii). We defer to the IJ's findings based on her observation of Chen's demeanor, *see Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005), particularly where, as discussed below, there are also inconsistencies in Chen's statements, *see Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Second, the agency reasonably relied on Chen's inconsistent statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). When Chen was asked whether he received any instructions on release from detention, he twice equivocated before stating that he had to sign a letter that he would not attend the unregistered church. Chen's explanation that he stuttered and misspoke does not compel a different interpretation. *See Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) ("So long as there is a basis in the evidence for a challenged

4

inference, we do not question whether a different inference was available or more likely."). In addition, Chen initially misstated his witness's name and then hesitated when asked to confirm the name. *See Xiu Xia Lin*, 534 F.3d at 163 ("[A]n IJ may rely on *any* inconsistency . . . in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (emphasis in original)).

Third, the IJ reasonably found, in light of Chen's testimony, that his medical evidence was implausible. Chen testified that he was beaten by the police the day after he was detained, and that he was only beaten once. He stated that the beating left "[s]ome areas . . . swollen," and "[s]ome areas became bruises." Doc. No. 12 at 97. However, Chen did not receive medical care until four months later, so the IJ reasonably questioned why he would still have bruises given the lack of any testimony about the severity of his injuries. *See Siewe*, 480 F.3d at 169 (requiring plausibility findings to be "tethered to the evidentiary record").

Lastly, the IJ reasonably concluded that Chen's corroborating documents — letters from family and a friend in

China — did not rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Chen did not challenge this finding before the BIA and does not do so in his brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (providing that issues not raised in an opening brief are waived); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–22 (2d Cir. 2007) (requiring petitioner to exhaust all issues before the BIA).

Given the IJ's observations regarding Chen's demeanor, the inconsistencies within Chen's statements, the questionable medical records, and the lack of reliable corroboration, we conclude that the IJ's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all of Chen's claims relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

6

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court